UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARNELL LEVON JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00681-TWP-MJD |
| ) | |
| SUPERINTENDENT, WABASH VALLEY ) | |
| CORRECTIONAL FACILITY, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

The petition of Darnell Johnson for a writ of habeas corpus challenges a Madison County Detention Center disciplinary proceeding conducted in December 2014. The respondent has filed a motion to dismiss alleging that the deprivation of earned credit time that Mr. Johnson wants restored was applied to a sentence that has already expired and, therefore, nothing this Court does could have any impact on the duration of his custody. Mr. Johnson has not responded to the motion to dismiss and his time to do so has passed. For the reasons set forth below, the respondent's unopposed motion to dismiss [dkt. 15] is **granted** and this action is dismissed as moot. Mr. Johnson's motion for court access [dkt. 11] is therefore **denied** as moot.

Mr. Johnson received a two-year sentence for criminal confinement. His maximum release date ("MRD") is January 15, 2016. On January 15, 2015, Mr. Johnson was found guilty of disciplinary offense A-108 (escape). His sanctions included 180 days earned credit time deprivation. Mr. Johnson filed his petition for writ of habeas corpus challenging the disciplinary convictions on April 27, 2015.

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. Prisoners may allege such a violation by bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

Here, Mr. Johnson's parole will end on MRD of January 15, 2016, regardless of whether he impermissibly lost good-time credits or not. Therefore, because Mr. Johnson's loss of good-time credits did not extend the date his parole will be terminated, his habeas petition cannot affect

the duration of his custody, the habeas action is moot, *see id.*, and an action which is moot must be dismissed for lack of jurisdiction, *see Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED**.

Date: 9/22/2015

*signature*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DARNELL LEVON JOHNSON
421 Wheeler Ave.
Anderson, IN 46016

Electronically Registered Counsel